Edward Q-. Baker, J.
Defendants Crocker, Bastís and Sea Fare Restaurant, Inc., move to dismiss plaintiffs’ complaint upon the ground that said complaint fails to state a cause of action.
Each of the plaintiffs is the owner of 25% of the outstanding stock of Avon Restaurant Inc. Crocker, one of the moving defendants, and the defendant Lianides own the remaining 50%.
The complaint alleges a conspiracy among the defendants and certain wrongful acts of the conspirators in furtherance thereof which were calculated to and did, in fact, result in the insolvency and bankruptcy of the corporation, with consequent loss of value of plaintiffs’ stock. The action is at law to recover damages which plaintiffs claim to have sustained as stockholders. It is not brought for or on behalf of the corporation or its stockholders.
It seems clear that the wrongs alleged in the complaint are wrongs to the corporation, actionable by the corporation, or by any stockholder in its behalf and for its benefit. The wrongs alleged do not give rise to a personal right of action in the individual stockholders, notwithstanding the fact that the result of the wrongs may have been a diminution in value of the stock held by them.
*81 In the situation here, the case of Niles v. New York Cent. & H. R. R. R. Co. (176 N. Y. 119) appears to he controlling. There, in a fact situation almost identical, the Appellate Division, First Department, affirmed a judgment at Special Term dismissing the complaint, and the Court of Appeals affirmed. After holding that the damages resulting from the conspiracy belonged to the corporation and not to the individual stockholder (pp. 122, 123), the court said (p. 125): “ As to the suggested inadequacy of the remedy, we apprehend there is no trouble. If the defendants conspired with the officers of the company to improperly deplete its treasury and thus render the corporation insolvent, in order that a sale might be made upon a foreclosure judgment, and the stockholders and creditors thus deprived of their interest in the property, we see no reason why the damages recoverable may not be for the full value of the property and franchises of the corporation as it existed prior to the overt acts complained of producing insolvency, less that which the property actually brought upon the foreclosure sale. This would afford full protection to all concerned. It would indemnify the creditors, and if the stock of the company was actually worth thirty-five dollars, or any other sum, per share, it would restore to the stockholders the property of which they have been deprived, or compensation therefor ”.
The case of Greenfield v. Denner (6 A D 2d 263) cited by plaintiffs, is not to the contrary. There, the complaint contained two causes of action, the first an action at law for damages allegedly suffered by plaintiff individually; the second a derivative action on behalf of the corporation. In reversing Special Term which had dismissed the first cause of action as legally insufficient, the Appellate Division, First Department, noted at page 264: “ In the first cause of action it is alleged that plaintiff owned 30% of the stock of Clermont, and defendants Denner and Nitchnn owned the remaining 70%. A stockholders’ agreement contained provisions restricting the alienation of the capital stock, setting forth that any salary or compensation paid by Clermont to the parties for services should be in proportion to their stockholdings, and giving plaintiff other rights not ordinarily available to a stockholder as such [emphasis supplied] . * * * With no proper business reason for liquidation, and while business was flourishing, the afore-mentioned defendants combined to bring about the dissolution of Clermont, the elimination of plaintiff’s stock interest and the consequent destruction of the stockholders’ agreement — all over the protests of plaintiff” (emphasis supplied), and the court then held (pp. 266-267): 11 Plaintiff, a 30% stockholder in a three- *82 man corporation, does not in the first cause of action sue for vindication of a corporate right against Ms allegedly wrongdoing partners, but seeks to enforce a personal claim. The charges made include a violation of a pre-incorporation agreement as well as activities by the defendants which have diminished the value of his stock. Evidence may be introduced under the first cause of action of damages suffered by plaintiff in his individual right that are not recoverable through the channels of the derivative stockholder’s action. While the corporation may have an interest in requiring the individual defendants to account for some of their alleged acts — and the second cause of action brought in a derivative capacity asserts that right— the corporation has not an enforcible claim as to other aspects of plaintiff’s suit. We should recognize plaintiff’s separate cause of action for wrongs allegedly done to him as distinct from those for which the corporation may seek redress ” (emphasis supplied).
Nowhere in the complaint in the instant case do the plaintiffs allege wrongs for wMch recovery may not be had through the channels of a derivative action.
Motions granted, with leave to plaintiffs to serve an amended complaint if so advised.